**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIA MIRAMONTES** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE CITY OF ARCOLA, TEXAS, THE** | § | **CIVIL ACTION NO. 4:21-cv-927** |
| **ARCOLA POLICE DEPARTMENT** | § | |
| **CHIEF MICHAEL V. ELLISON, THE** | § | **JURY TRIAL DEMANDED** |
| **ARCOLA POLICE DEPARTMENT,** | § | |
| **FORMER ARCOLA POLICE OFFICER** | § | |
| **HECTOR AARON RUIZ,** | § | |
| **INDIVIDUALLY,** | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT

NOW COMES MARIA MIRAMONTES by and through undersigned counsel, and make this Original Complaint against Defendants, THE CITY OF ARCOLA, TEXAS, THE ARCOLA POLICE DEPARTMENT CHIEF MICHAEL V. ELLISON, THE ARCOLA POLICE DEPARTMENT and FORMER ARCOLA POLICE OFFICER HECTOR AARON RUIZ, IN HIS INDIVIDUAL CAPACITY, and allege as follows:

## INTRODUCTION

1.    This is a civil rights action for Constitutional violations and state law personal injuries suffered by Plaintiff MARIA MIRAMONTES ("Plaintiff" or "Miramontes" as appropriate) because of personal injuries and intentional indifference.  Plaintiff brings this action for compensatory damages under 28

1

U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and 1988 and the Texas Tort Claims Act § 101.021 because Defendants jointly and severally deprived Plaintiff of her federally protected rights, privileges and immunities and engaged in violations through the use of a motor vehicle.

2.     Plaintiff brings this action against the City of Arcola, Texas, the Arcola Police Department Chief Michael V. Ellison, the Arcola Police Department, and former Arcola Police Officer Hector Aaron Ruiz, In His Individual Capacity, pursuant to Tex. Civ. Prac. & Rem. Code § 71.000 *et. seq*. and as applied through 42 U.S.C. § 1983 and § 1988.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the federal claims of Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C §§ 1983 and 1988, the 4th and 8th Amendments to the U.S. Constitution and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims.

4.     Venue is proper in this Court pursuant to 28 USC § 1391(b) as all material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

## PARTIES

5.     Plaintiff is an individual who resides in Fort Bend County, Texas.

2

6.     Defendant THE CITY OF ARCOLA, TEXAS is a governmental body existing under the laws of the State of Texas, a general law municipality incorporated into Fort Bend County in 1981 and may be served with process by serving the City Attorney J. Grady Randle at his business address for service of process Memorial City Plaza II, 820 Gessner, Suite 1570, Houston, Texas 77024-4278.

7.     Defendant THE ARCOLA POLICE DEPARTMENT CHIEF MICHAEL V. ELLISON is the Police Chief of The City of Arcola, Texas.  He may be served with process at 13222 Highway 6, Arcola, Texas 77583.

8.     Defendant THE ARCOLA POLICE DEPARTMENT is a governmental body existing under the laws of the State of Texas and may be served with process by serving the Police Chief of The City of Arcola, Texas.  He may be served with process at 13222 Highway 6, Arcola, Texas 77583.

9.     Defendant FORMER ARCOLA POLICE OFFICER HECTOR AARON RUIZ, IN HIS INDIVIDUAL CAPACITY is a former employee of The Arcola Police Department and/or The City of Arcola, Texas.  He may be served with process at the Federal Detention Center Houston, 1200 Texas Avenue, Houston, Texas 77002 or wherever he is found.

## **FACTS**

10.    The Arcola Police Department ("Arcola PD") is a department of the City of
Arcola, Texas ("Arcola"). Arcola and Arcola PD, at all relevant times, were
the employer of Hector Aaron Ruiz ("Ruiz") and the Arcola Police
Department Chief Michael V. Ellison ("Ellison"). The chief policy maker for
Arcola PD is Ellison.

11.    At all relevant times herein, Ellison was acting under the color of law and in
the course and scope of his position as the Chief of Police for Arcola PD.

12.    Likewise, at all relevant times herein, Defendant Ruiz was acting under the
color of law and in the course and scope of his employment for approximately
fourteen (14) months with Arcola PD. He had previously served as a reserve
officer for approximately six (6) months. Accordingly, Arcola is liable
directly and vicariously for the actions complained of herein.

13.    Plaintiff had previously met Ruiz on occasions he would patronize the
restaurant where she worked. Ruiz would come to the restaurant with his
supervisor, both always in uniform. His supervisor sometimes wore a green
uniform, and it is believed, worked with dogs. Ruiz's supervisor made
Plaintiff uncomfortable because he would make comments to Ruiz in front of
her about Plaintiff's looks and would make sexual innuendo. The supervisor
encouraged Ruiz also to make sexually charged comment, proposition-like

4

actions and braggadocio around Plaintiff. This attention to and harassment of Plaintiff from the Arcola PD, including supervisors of the Arcola PD, was unwelcome and improper.

14.   The City of Arcola PD has a reputation for officers harassing women while on duty and at extra jobs. This was documented in 2019 by the Texas Commission on Law Enforcement (TCOLE) by a 2019 e-mail complaining that officers in Arcola were "while on duty…flirting with female employees and customers [at a small Mexican restaurant]" as well as other complaints of malfeasance.

15.   On or about August 11, 2019, Plaintiff and her son were passengers in her boyfriend's vehicle. Her boyfriend was pulled over in/near Arcola for suspected driving while intoxicated by what Plaintiff believes was a Fort Bend County Sheriff. Ruiz appeared on the scene in his Arcola PD vehicle. Ruiz told her that, despite her not being intoxicated, she could not drive her boyfriend's vehicle home. Rather, Ruiz instructed that Plaintiff had to go in his Arcola PD vehicle with her. Ruiz also told her that if she did not go with him, she would be arrested for public intoxication and her nine-year-old son would go into the custody of Child Protective Services.  She knew this was a threat to take away her son.  Ruiz used his power and authority as a police

officer – and the tangible personal property of his car, to intimidate, threaten and harass the Plaintiff.

16.     Plaintiff at that point became a detainee of the Arcola PD, unable to leave of her own free will. Plaintiff's nine-year-old son also became a wrongful detainee of the Arcola PD through threat of non-parental custody.

17.     Plaintiff was placed in the passenger seat of the Arcola PD vehicle and her son in sat in the back seat. Ruiz entered the police car and took Plaintiff's purse and her phone from her. Ruiz kept telling her on the ride that now she owed him, and he kept placing his hands on her. Plaintiff was frightened and sickened and at the same time was trying to shield and protect her son.  Ruiz used his badge and the threat of governmental power, coupled with a mother's natural instinct and desire to protect her son, as a conduit for intimidation and harassment.

18.     Once they arrived at her home at 1122 Lawson Road, Rosharon, Texas 77583, Ruiz told Plaintiff that she was required to walk her  inside. Once inside, he called her into her bedroom and told her he must talk to her and to close the door. Then he grabbed her hair and told her that now she had to pay him back. She pulled away when Ruiz tried to kiss her. Ruiz told her again that his police car was outside, and he could take her to jail and her son into government custody. Ruiz locked the door, unholstered his gun and placed it on the bed

within his reach, told her she had to pay, and sexually assaulted Plaintiff. Ruiz then pulled up his pants, holstered his gun and left in his police vehicle.

19. Plaintiff was scared to report what had happened due to her immigration status and Ruiz's threats. She moved from her house because of the trauma. She quit her job so that Ruiz and his supervisor could not find her. She attempted suicide.

20. Plaintiff contacted Fort Bend County authorities and learned that Ruiz had sexually assaulted other women while in uniform and on the job.

21. Ellison was delegated policy making authority for the policies, procedures, rules and training for the Arcola PD. At the time that Plaintiff was sexually assaulted, on or about August 11, 2019 and later, Ellison was delegated policy making authority for the policies, procedures, rules and training for the Arcola PD and intentionally failed to take timely and adequate measures to protect female citizens, female detainees and their minor children.

22. Notice of Legal Claims to the Defendants under the Texas Tort Claims Act: Defendants had actual notice of all violations under the Texas Tort Claims Act. *See City of SA v. Tenorio,* 543 S.W. 3d 772 (Tex. 2018). Plaintiff also sent a notice letter to Defendants as a courtesy.

23. Arcola PD has a long-standing pattern of problems with their officers: Despite being a small police force of approximately seven (7) officers, Arcola PD has

a long history of problems with their own officers. Since Ruiz's arrest, Arcola PD Officer, Cartrell Vonshae Carhee, was indicted by a grand jury for theft by a public servant. He stole two designer purses while wearing his uniform as an officer for Arcola PD.

24.   The fact that a supervisor encouraged Ruiz to make advances to and sexual harassment of Plaintiff while on duty and in uniform is evidence of a standing issue regarding violations of constitutional rights to basic non-sexual treatment by law enforcement.

25.   More pertinent facts appear below under the legal allegations as related to each cause of action.

26.   Defendants (alone and in concert), under color of law, violated Plaintiff's constitutional right to basic, non-sexual treatment and under no circumstances were their actions objectively reasonable, ultimately causing her injuries. As a detainee, Plaintiff was unable to seek assistance prior to entering the Arcola PD vehicle since her sexual assault and sexual harassment began there. While detained by the Arcola PD, Plaintiff had a right to be safe from Ruiz's reprehensible conduct and Defendants had a duty to keep her safe from that harm. Plaintiff's treatment defies all logic and clearly shows deliberate indifference.

**CAUSES OF ACTION AGAINST DEFENDANTS
THE CITY OF ARCOLA, TEXAS, THE ARCOLA POLICE
DEPARTMENT CHIEF MICHAEL V. ELLISON,
THE ARCOLA POLICE DEPARTMENT and
FORMER ARCOLA POLICE OFFICER HECTOR AARON RUIZ,
IN HIS INDIVIDUAL CAPACITY**

27.   **The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows**:

Every person who, under color of any statute, ordinance, regulation, custom

or usage, of any state or territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or any other person

within the jurisdiction thereof to the deprivation of any laws, privileges,

immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for

redress. 42 U.S.C. § 1983.

28.   **The 4th Amendment to the United States Constitution provides**:

The right of the people to be secure in their persons, houses, papers, and

effects, against unreasonable searches and seizures, shall not be violated, and

no warrants shall issue, but upon probable cause, supported by oath or

affirmation, and particularly describing the place to be searched, and the

persons or things to be seized.

29.   **The 8th Amendment to the United States Constitution provides**:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

30. **The elements of a cause of action under § 1983 against a governmental entity are:**

    a.    Plaintiff is deprived of rights under the United States Constitution;

    b.    Such deprivation is caused by a person acting under color of state law;

    c.    The governmental entity adopted, or failed to adopt, a policy statement, ordinance, regulation or decision adopted and promulgated by the governmental entity's lawmaking officers or by an official to whom the law makers delegate law-making authority or a persistent, widespread practice of officials or employees of the governmental entity which, though not authorized or officially adopted and promulgated, the policy is so common and well settled as to constitute a custom that fairly represents policy of the governmental entity; and,

    d.    The governmental entity was deliberately indifferent to the party's constitutional rights.

## CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against Ruiz]

31. Ruiz engaged in deliberate and outrageous invasion of Plaintiff's bodily integrity that shocks the conscious in violation of Plaintiffs' rights under the Fourth and Eighth Amendments to the United States Constitution and 42

U.S.C. § 1983. Plaintiff re-alleges and incorporate all allegations of this Complaint as if fully set forth herein.

32. Ruiz, acting within the scope of his agency, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by sexually assaulting and harassing Plaintiff, including threatening to remove her son from her home, and by promoting a threatening and unduly hostile and antagonistic environment. Ruiz's conduct is particularly egregious as Plaintiff was in the custody of The City of Arcola, was told her 9-year-old son was also in custody and had no ability to extricate both of them from this horrific assaultive conduct.

33. Ruiz misused and abused the official power granted to him by the City of Arcola, Ellison and the Arcola PD in the performance of his official duties thereby causing harm to Plaintiff.

34. Ruiz, by his acts and omissions alleged above, under color of law and acting pursuant to the customs, practices and policies of Fort Bend County, deprived Plaintiff of her rights to bodily integrity, thereby violating the Fourth Amendment to be secure in their persons, the Eighth Amendment right to be free from cruel and unusual punishment and in violation of their property (their bodies) under the Due Process Clause of the Fourteenth Amendment, by

failing to provide all for which Ruiz is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

35.  Ruiz acted against Plaintiff through official policies, practices, and customs with malice, deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff. Furthermore, the incidents complained of were not reasonably related to any legitimate governmental objective, as there is no legitimate governmental objective in sexual contact and sexual assault of a citizen and/or a detainee.

36.  As a direct and proximate result of Ruiz's acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

37.  As shown below, Ruiz's actions were part of a policy and practice condoned by both Arcola PD and Ellison.

### CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against Chief Ellison]

38.  Chief Ellison knew, and had an obligation to follow, Texas and federal law requiring protection for female citizens and detainees from assault and sexual attack and knew that his actions and omissions created a substantial risk of sexual assault to Plaintiff. Indeed, Texas and federal law were clearly

established long before Ruiz's assault on Plaintiff—certainly clearly established at the time of Ruiz's wrongful detention and assault on Plaintiff.

39.     With deliberate indifference to female safety and the safety of Plaintiff here, Ellison failed to protect Plaintiff from the substantial risk of harm, including sexual attack, in violation of Plaintiff's rights under the Fourth and Eighth Amendments to the Constitution and 42 U.S.C. § 1983.

## CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against the City of Arcola and Arcola PD]

40.     In addition, and in the alternative, the City of Arcola and Arcola PD, including but not limited to Ruiz (alone and in concert and/or individually) engaged in a policy and practice of deliberate indifference to the care and custody of citizens and detainees that resulted in the sexual assault of Plaintiff herein as well as other female citizens and detainees.

41.     In addition, and in the alternative, Arcola PD gave inadequate training to civilian and officer personnel, including but not limited to Ruiz, on physical contact with detainees.

42.     The City of Arcola and Arcola PD, including but not limited to Ruiz (alone and in concert and/or individually) endangered female citizens and detainees, including Plaintiff herein, resulting in the sexual assault of Plaintiff and other females.

43.     Plaintiff contends that policies, procedures, practices and customs of the City of Arcola and Arcola PD, including but not limited to Ruiz (alone and in concert and/or individually) put Plaintiff in an inherently dangerous situation and violated her rights under the Fourth and Eighth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

44.     Plaintiff contends that the failures to train and supervise staff regarding the policies, procedures, practices and customs of the City of Arcola and Arcola PD, including but not limited to Ruiz, put Plaintiff in a dangerous situation and violated her rights under the Fourth and Eighth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

45.     During the relevant time period contemplated by this cause of action, the City of Arcola and Arcola PD, including but not limited to Ruiz (alone and in concert and/or individually) failed to follow state and federal laws, federal and state regulations with regard to female citizens and female detainees generally and specifically Plaintiff.

46.     During the relevant time contemplated by this cause of action, the City of Arcola and Arcola PD, including but not limited to Ruiz (alone and in concert and/or individually) failed to follow their own written policies and procedures and those of the State of Texas and other authorities on standard of care and

lack of sexual contact for those in custody, those riding in official vehicles and female citizens while in their official capacity.

47.   Facts at the time of filing this Complaint supporting each of the elements of a § 1983 claim against the City of Arcola and Arcola PD, and its employees, listed above are found above and applicable to all claims, but may be summarized as follows:

   a.   Failed to properly train, hire, control, discipline and supervise employees;

   b.   Failed to establish and maintain a proper policy for dealing with the safety of female detainees/female citizens;

   c.   Failed to provide protection from sexual predators for female detainees/citizens;

   d.   Failed to establish and maintain proper policies for assurance of safety of female detainees/prisoners;

   e.   Promulgated, condoned, or showed indifference to improper policies or customs; and

   f.   Continued such practices of improper policies or customs as to constitute custom representing policy.

48. These actions by Defendants the City of Arcola and Arcola PD, subjected Plaintiff to confinement with constitutionally inadequate safety protections such as:

   a.   Evidence of sexual assaults that are inaccurate, incomplete, and not transmitted to the Texas Rangers or other law enforcement or prosecution authority, as required;

   b.   Confinement conditions that do not ensure safe, humane, and decent conditions free of sexual assault;

   c.   Complete failure to assess ongoing sexual harassment and assaults upon female detainees/female citizens;

   d.   Staffing the police force with officers with no (or insufficient) training, oversight, supervision, or discipline; and,

49. These actions by the City of Arcola and Arcola PD further violated the rights of Plaintiff through Defendants' policies such as:

   a.   Evidence of sexual assaults that are inaccurate, incomplete, and not transmitted to the Texas Rangers, as required;

   b.   Detainee conditions that do not ensure safe, humane, and decent conditions free of sexual assault;

   c.   Complete failure to assess ongoing sexual harassment and assaults upon female detainees;

16

d.   Staffing the police force with officers with no training, oversight, supervision, or discipline;

50.   The City of Arcola and Arcola PD, intentionally, and with deliberate indifference, deprived Plaintiff of her clearly established federal constitutional rights, including, but not limited to:

a.   Her right to reasonably safe conditions of detention, assuming only for purposes here that such detention was justified;

b.   Her right to be free from sexual assault and violation of her body;

c.   Her right to be free from cruel and unusual punishment;

d.   Her right to be free from sexual assault and harassment while inside an official City of Arcola and/or Arcola PD vehicle.

51.   The City of Arcola and Arcola PD clearly breached their constitutional duty to tend to basic human needs of persons within their charge, acting with deliberate indifference and subjective recklessness to the clear needs of female detainees and citizens, and Plaintiff herein, of which they had subjective knowledge. The City of Arcola and Arcola PD deliberately disregarded the serious risk of harm to other female detainees and female citizens. Further, the City of Arcola and Arcola PD failed to take the requisite steps to protect female detainees/citizens from such egregious, unconstitutional, unwarranted, and deliberately indifferent actions.

17

52.  **<u>No qualified immunity</u>**:   County employees can be entitled to qualified immunity to their individual liability, but this immunity is waived if the complainant shows that:

    a.    the individual's acts deprived the party of constitutional rights under color of law

    b.    the deprived rights were clearly established and constitutional rights which existed at the time of the acts; and

    c.    such acts were not objectively reasonable under the circumstances, that is, no reasonable official could have believed at the time that the conduct was lawful.

53.  The Defendants, persons acting under color of state law, enforcing the City of Arcola and Arcola PD policies and procedures for detention of persons, or by their failure to properly train in the handling of detained persons, deprived Plaintiff of her civil liberties without due process of law by failing to keep her free from sexual assault by the Arcola PD officers during her detention and interaction with Arcola PD. No reasonable official could have believed that failure to protect female inmates from sexual assault was lawful. The acts of the Defendants, when viewed objectively, were unreasonable under the circumstances.  Therefore, qualified immunity is waived in this case.

54.  The Defendants involved in this case, acting under color of law, were deliberately indifferent to the excessive risk to Plaintiff's safety in their acts,

or failures to act. Such acts violated and deprived Plaintiff's clearly established constitutional rights and were not objectively reasonable.

55. The acts of the City of Arcola, Ellison and Arcola PD clearly violated established statutory or constitutional rights of which a reasonable person would have known, afforded by the United States Constitution.

56. The acts of Defendants were so obviously and grossly wrong, that only a plainly incompetent entity or officer, or one who was knowingly violating the law, would have performed such an act, and therefore, Defendants are liable to Plaintiffs for the damages caused by their actions.

57. The aforementioned acts resulted in the sexual assault of Plaintiff, which in turn proximately caused her injuries.

**SEXUAL ASSAULT AND BATTERY AGAINST RUIZ**

58. Ruiz, acting within the scope of his agency, assaulted and battered Plaintiff by threatening her, forcing her into sexual acts including placing his penis into her genitals, without her effective consent and while she was a person under detention. Ruiz, acting within the scope of his agency, intentionally and unlawfully caused Plaintiff to fear offensive and unlawful contact over which she had no control as a detained person, and Ruiz intentionally and unlawfully caused such offensive conduct to occur. Ruiz openly, and with apparent

authority, used the City of Arcola and Arcola PD property to perpetrate these acts.

59.   As a direct and proximate result of these actions, Plaintiff was physically injured and suffered damages arising out of the Texas Tort Claims Act, 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and 1988 and the Fourth and Eighth Amendments of the Constitution of the United States.

## FALSE IMPRISONMENT CLAIM AGAINST ALL DEFENDANTS

60.   Ruiz falsely imprisoned Plaintiff by willfully detaining her without her consent by confining her to a police vehicle and then her home for the purpose of sexually assaulting her. At the time of the imprisonment, Plaintiff knew that her freedom of movement had been restricted and that the other City of Arcola and Arcola PD officers, all males, would not believe her or come to her assistance, especially since one of them had previously encouraged Ruiz in this behavior.

61.   As a direct and proximate result of the actions of Ruiz, Plaintiff was physically injured and suffered damages arising under the Texas Tort Claims Act, 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and 1988 and the Fourth and Eighth Amendments of the Constitution of the United States.

62.   Ruiz engaged in conduct with malice and reckless and callous indifference to the rights of Plaintiff.

63.   Ruiz engaged in this conduct because the City of Arcola, Arcola PD and Ellison allowed him to use the City of Arcola and Arcola PD property, namely an official vehicle, to move around female detainees that he had chosen for his sexual schemes and as part of the customs and practices of the City of Arcola and Arcola PD.

## PEACE OFFICER LIABILITY - 42 U.S.C. § 1983

64.   Plaintiff brings a claim against the City of Arcola and Arcola PD personnel, including but not limited to Ruiz (alone and in concert and/or individually), pursuant to 42 U.S.C. § 1983 and for punitive damages.

65.   At all material times, the City of Arcola and Arcola PD personnel, including but not limited to Ruiz (alone and in concert and/or individually) was acting under color of state law as agents and employees of the City of Arcola and Arcola PD and alternatively was acting in his individual capacity.

66.   Ruiz was wearing his Arcola PD uniform and was acting in the course and scope of his duties as a City of Arcola and Arcola PD employee at the time Plaintiff was sexually assaulted.

67.   Thus, the City of Arcola, Arcola PD, and Ellison's policy of failing to properly train, including training on safety and the right of detainees to be free from sexual assault was inherent. A city may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city

should have had a clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F.Supp. 2d 1057, 1068 (S.D. Tex. 2000).

## DAMAGES

68.    Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of the Fourth and Eighth Amendments of the Constitution of the United States for which Plaintiff seeks recovery. Plaintiff also seeks recovery under the Texas Tort Claims Act.

69.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages in an amount to be proved at trial.

70.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and

emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

71. In acting as alleged above, Defendants acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at trial.

72. Defendants are vicariously liable for their employees, supervisors, officials, representatives, and all those acting in concert with them.

73. The Defendants took such acts and omissions in a way that not only shocks the conscience but satisfies the criteria for punitive damages as set out by law and as contemplated by 42 U.S.C. § 1983.

74. Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiff requests that the Court and jury award their attorneys' fees and expenses.

## **JURY DEMAND**

75. Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A.   Enter a declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

B.   Award compensatory damages for Plaintiff against Defendants, jointly and severally;

C.   Award reasonable attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against Defendants, jointly and severally pursuant to 48 U.S.C. § 1988;

D.   Award pre- and post-judgement interest;

E.   Award punitive damages against all individually named Defendants and for Plaintiff; and

F.   Award costs of court;

G.   Retain jurisdiction over Defendants the City of Arcola, Arcola PD and Ellison until such time that the Court is satisfied that Defendants' unlawful policies, practices, acts, and omissions no longer exist and will not recur; and,

F.   Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows herself entitled.

///

///

///

///

///

///

///

Respectfully submitted,

*/s/ Charles H. Peckham*

_____

Charles H. Peckham
TBN:  15704900
cpeckham@pmlaw-us.com

Mary A. Martin
TBN:  00797280
mmartin@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
(713) 493-2255 – facsimile

OF COUNSEL:

Larry D. Eastepp
TBN:  06361750
larry@easteplaw.com

LARRY D. EASTEPP, PC
5300 Memorial Drive, Suite 1000
Houston, Texas 77007
(713) 255-3388
(713) 993-7205 – facsimile