United States District Court
Southern District of Texas
**ENTERED**
February 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA MIRAMONTES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Case No. 4:21-CV-00927 |
| | § | |
| THE CITY OF ARCOLA and | § | |
| HECTOR AARON RUIZ, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Discovery in this case has been stayed pending resolution of a related state criminal proceeding, (*see* Dkt. Nos. 55, 59, 63, and 72), and the latest status report informs that those proceedings are still ongoing, with no trial date in sight, (Dkt. No. 74). Accordingly, the Court finds that it is appropriate for this Civil Action to be **STAYED** and **ADMINISTRATIVELY CLOSED** without prejudice to it being reopened upon a motion by any party.[1] The Court further **ORDERS** that all settings and deadlines previously governing this case are terminated.

It is SO ORDERED.

---

[1] A federal district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). "Where a suit is stayed during the pendency of a criminal proceeding, an administrative closure is appropriate." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 778 (W.D. Tex. 2016) (citing *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)). This is a device that district courts frequently use to shelve pending but dormant cases, and such cases may be reopened upon request of the parties or on the court's own motion. *Mire*, 389 F.3d at 167.

Signed on February 14, 2024.

                                          _____
                                                    **DREW B. TIPTON**
                                      **UNITED STATES DISTRICT JUDGE**